IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| PATRICIA F. J., <br><br> Plaintiff, <br><br> vs. <br><br> NANCY A. BERRYHILL, <br><br> Defendant. | **MEMORANDUM DECISION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER** <br><br> Case No. 2:17-cv-00229-BCW <br><br> Magistrate Judge Brooke C. Wells |

This case is before the undersigned following the parties consent under Federal Rule of Civil Procedure 73.[1] Plaintiff Patricia F. J.,[2] alleges disability due to injuries to her neck, right shoulder, right scapula, right collar bone, as well as headaches, depression and general pain, stemming from an automobile accident in 2007.[3] Plaintiff applied for disability insurance benefits on June 4, 2013, alleging disability beginning July 13, 2007.[4] The Administrative Law Judge (ALJ) rejected her claim for benefits in December 2015.[5] The Appeals Council denied review of the ALJ's decision.[6] This appeal followed. This court heard argument on Plaintiff's appeal and having further considered the record and case law, affirms the decision of the Commissioner.[7]

---

[1] ECF No. 13.
[2] Based on privacy concerns regarding personal information, the court does not use Plaintiff's last name. Privacy concerns are a part of many of the Federal Rules. *See* Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037.
[3] Tr. 196.
[4] Tr. 14.
[5] Tr. 1-5.
[6] Tr. 197.
[7] At the beginning of the hearing, the court noted the difficulty it had understanding the arguments in Plaintiff's opening and reply briefs and urged counsel to clearly explain his client's position during the hearing.

**BACKGROUND**

Plaintiff was 57 years old on September, 2013,[8] the last date on which she was insured for disability benefits.[9] She has a high school education and worked in the past as a printed products assembler, a publications inspector, an administrative clerk, and an examination proctor.[10] Specifically, she worked as a full-time administrative clerk (or "office manager") from 2005 through July 2007, at the Gilsonite Company, Inc. ("Gilsonite"), a business owned and operated by her husband.[11] Notably, she testified that although her earning statements showed she was paid wages by Gilsonite from 2008-2010,[12] she did not perform any work for the company during those years.[13]

Plaintiff appeared and testified at the hearing about her work-related limitations before the ALJ in September 2015.[14] During the hearing the ALJ also asked a vocational expert to testify and consider various hypotheticals, where a person of Plaintiff's age, on her last date insured, with her educational background and work experience, with certain work limitations, could perform various occupations. The ALJ followed the standard five-step sequential evaluation process for disability claims.[15]

The ALJ found Plaintiff did not meet the threshold of substantial gainful activity (SGA).[16] The ALJ determined Plaintiff suffers from the following combination of severe impairments: cervical degenerative disc disease, right shoulder arthritis, status post clavicle

---

[8] At this age, Plaintiff is classified under the regulations as a "[p]erson of advanced age." *See* 20 C.F.R. §404.1563(d)-(e). Although unclear, from the briefing, during the hearing Plaintiff's counsel conceded Plaintiff is not asking for a remand at all, including on the ground that Plaintiff is now approaching retirement age.
[9] Tr. 16, 22.
[10] Tr. 197, 86, 184-191.
[11] Tr. 49-52, 86-87, 89-90, 206-07.
[12] Tr. 189.
[13] Tr. 51-52.
[14] Tr. 55-85.
[15] Tr. 15-23.
[16] Tr. 16.

excision and subacromial decompression and obesity.[17] The ALJ also concluded Plaintiff's impairment and/or combination of impairments do not meet or equal any of the listings in 20 CFR Part 404.[18]

The analysis then proceeded to step four, where the ALJ found that through the date last insured, September 30, 2013, Plaintiff had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a).[19] Specifically, the ALJ found Plaintiff can lift and carry 10 lbs. occasionally and less than 10 lbs. frequently; that she can stand or walk for about two hours during an eight hour work day; sit for six hours in an eight hour work day; occasionally climb ladders, ropes or scaffolds and frequently crawl.[20] Given this RFC, the analysis then proceeded to step five. Plaintiff had past relevant work history as an assembler, publications inspector, administrative clerk and examination proctor—all which are light work.[21] The vocational expert testified the demands of Plaintiff's past work exceed the residual capacity and she is thus unable to perform her past relevant work.[22] The vocational expert, however also testified Plaintiff acquired skills from her past work, transferrable to other occupations specifically selling, scheduling crews, payroll, answering phones, and filing.[23] Considering Plaintiff's age, education, work experience, residual capacity, as well the transferrable work skills, the ALJ determined Plaintiff can perform other occupations in the national economy, including telephone solicitor, receptionist, and answering service operator (all sedentary positions). Accordingly, the ALJ found the Plaintiff not disabled as defined under the Social

---

[17] Tr. 16.
[18] Tr. 17.
[19] Tr. 18-21.
[20] Tr 18.
[21] Tr. 22.
[22] Tr. 22.
[23] Tr. 22.

Security Act.[24]

**STANDARD OF REVIEW**

Because the Appeals Council denied claimant's requested review, the ALJ's decision is considered the Commissioner's final's decision for purposes of this appeal.[25] The court reviews the ALJ's decision to determine whether the correct legal standards were applied and whether factual findings are supported by substantial evidence in the record.[26] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[27] "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."[28] In considering claimant's appeal the court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency."[29]

**DISCUSSION**

On appeal Plaintiff raises one issue. Plaintiff argues there was not substantial evidence to support the ALJ's finding that Plaintiff had transferrable skills from her administrative clerk job because the ALJ did not ask the vocational expert about specialized vocational adjustment, which Plaintiff argued is required because of her advanced age.

Plaintiff cites the following regulation:

> If you are of advanced age and you have a severe impairment(s) that limits you to no more than sedentary work, we will find that you have skills that are transferable to skilled or semiskilled sedentary work only if the sedentary work is so similar to your previous work that you would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry.[30]

---

[24] Tr 22-23.
[25] *Doyal v, Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003); 20 C.F.R. § 404.981.
[26] *See Doyal*, 331 F.3d at 760; *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006).
[27] *Doyal*, 331 F.3d at 760.
[28] *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988).
[29] *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991).
[30] 20 C.F.R. §404.1568(d)(4); *see also* 20 C.F.R. Part 404, Subpt. P, App. 2, Rule 201.00(f).

However, Plaintiff failed to cite POMS DI 25015.07, Transferability of Skills Assessment. The POMS is "a set of policies issued by the Administration to be used in processing claims."[31] As the POMS explains, transferability is not always material, and if it is not, the ALJ is only required to state in the decision that "the issue of transferability is not being addressed at this time because it is not material to the final decision of 'disabled' or 'not disabled.'"[32]

The POMS also discuss the transferability of skills for individuals of advanced age as follows:

> If an individual is of advanced age (age 55 or older), and has a severe impairment(s) that limits him or her to sedentary or light work, we will find that the individual cannot make an adjustment to other work unless he or she has skills that can transfer to other skilled or semiskilled work (or if the individual has recently completed education which provides for direct entry into skilled work) that the individual can do despite his or her impairment(s). We will decide if an individual has transferable skills as follows:
>
> If an individual is of advanced age and has a severe impairment(s) that limits him or her to no more then sedentary work, we will find that the individual has skills that are transferable to skilled or semiskilled sedentary work only if the sedentary work is so similar to the individual's previous work that he or she would need to make very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry.[33]

The POMS specifically state that assembly, clerical and supervisory skills, are "highly likely to transfer to other sedentary or light work."[34]

Based on the POMS, it appears the only inquiry the ALJ needed to make was whether Plaintiff's transferable work skills could apply to sedentary occupations so similar to her previous work that she would need "very little, if any vocational adjustment in terms of tools, work processes, work settings or the industry." Here, the ALJ asked the vocational expert if

---

[31] *McNamar v. Apfel*, 172 F.3d 764, 766 (10th Cir. 1999).
[32] POMS DI 25015.015B.3.b.
[33] *Id*. at A.3.g.; This language is almost verbatim to 20 C.F.R. §404.1568(d)(4), the regulation cited by the Plaintiff.
[34] POMS DI 25015.017 J.2.

Plaintiff had any skills acquired in the performance of her past jobs that would be transferable to sedentary jobs, within the limitations Plaintiff had provided—which were closer to sedentary then light.[35] The vocational expert then identified a list of transferable skills Plaintiff had derived mainly from her job as an officer manager/administrative clerk, including selling jobs over the phone, scheduling crews, payroll, answering phones and filing.[36] The expert also testified these skills would transfer or apply to three sedentary jobs: Telephone Solicitor, Receptionist, and Answering Service Operator. The ALJ then compared the vocational expert's testimony with the evidence in the record and the Dictionary of Occupational Titles (DOT) and found it consistent with the DOT for those three occupations.[37] These positions are in fact similar to Plaintiff's previous officer manager/administrative clerk position. The ALJ then concluded, "although the claimant's additional limitations did not allow the claimant to perform the full range of sedentary work, considering the claimant's age, education and transferable work skills, a finding of 'not disabled' is appropriate under the framework of Medical-Vocational Rule 201.15."[38]

In *Jensen v. Barnhart*,[39] Plaintiff also argued the ALJ had inadequately developed the vocational evidence at step five. As here, the claimant argued the ALJ failed to ask the vocational expert "whether skills were transferable with little or no vocational adjustment."[40] The Tenth Circuit focused on the whole record and disagreed with Plaintiff's position. There the vocational expert was asked if an individual having the same age, education, past relevant work experience, and residual functional capacity as the claimant could perform certain

---

[35] Tr. 88-89.
[36] Tr. 89-90.
[37] Tr. 22-23.
[38] Tr. 23.
[39] 436 F.3d 1163, 1167 (10th Cir. 2005).
[40] *Id.* at 1168. Jensen is distinguishable because there the vocational expert testified at the hearing that Plaintiff could transfer to other jobs in the national economy with very little if any vocational adjustment. *Id.* at 1166.

sedentary semiskilled positions. The court concluded: "[t[here are no unexplained conflicts between the vocational expert's testimony and the DOT, and Jensen did not identify any. . . . The balance of Jensen's 'arguments to the contrary constitute[] an invitation to this court to engage in an impermissible reweighing of the evidence and to substitute our judgement for that of the Commissioner, an invitation we must decline."[41]

Here, the Commissioner also met his burden at step-five of proving there are sufficient jobs in the national economy for a person with Plaintiff's impairments. Contrary to Plaintiff's argument, the fact that the ALJ did not directly inquire about an adjustment is not dispositive. As in *Jensen*, there are no unexplained conflicts between the vocational expert's testimony and the DOT. Even if the ALJ had been required to directly ask about a specialized adjustment, certain technical errors are "minor enough not to undermine confidence in the determination of th[e] case" and do not require reversal because the procedural impropriety would not alter the evidence before the ALJ or the outcome.[42] After examining the record as a whole, this court is persuaded the ALJ's decision is supported by substantial evidence,[43] and that the correct legal standards were applied.

In support of her position, Plaintiff attached a list of work functions to her brief and argued that the jobs of Telephone Solicitor and Receptionist do not match those skills, with no further explanation. It is vocational expert, not the parties or their attorneys who are the experts ALJ's rely on in determining "whether your work skills can be used in other work and the

---

[41] *Id*.
[42] *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004).
[43] For example, in his written decision, the ALJ noted that the Plaintiff "performs housework such as vacuuming, and doing the dishes. She drives and goes shopping in stores. . . . In sum, the objective medical evidence contained in the record supports the above residual functional capacity. The treatment notes do not support the claimant's allegations of disabling pain and limitations. . . . The credibility of the claimant's allegations is weakened by inconsistencies between the extent of those allegations and the objective medical evidence." Tr. 20-22.

specific occupations in which they can be used[.]"[44]  Here, the vocational expert's testimony support the ALJ's finding.

During the hearing before this court, the Plaintiff also argued that her work from 2005 through July 2007 should not count as substantial work activity and therefore should not count as past relevant work.  The basis for this claim is that during that time she was working for her husband's company and she was not given a paycheck for the work she did as an administrative clerk.  But, Plaintiff did testify that during that time frame she worked on a full-time basis,[45] and thus obtained the "transferable" skills at issue.  Moreover, contrary to her position, she did not need to receive pay for her performance for the job to be classified as substantial gainful activity.[46]  The court finds the ALJ had good reasons for resolving the conflicts in the record, accessing the RFC and finding Plaintiff capable of performing her past work under sedentary work restrictions.  There was no error as alleged by Plaintiff.

## CONCLUSION AND ORDER

Because the correct legal standards were applied and the ALJ's factual findings are supported by substantial evidence in the record, the court AFFIRMS the decision of the Commissioner.   The Clerk of the Court is directed to close this case.

DATED:  this 8th day of August, 2018.

Brooke C. Wells
U.S. Magistrate Judge

---

[44] 20 C.F.R. § 404.1566(e).
[45] Tr. 49-52.
[46] 20 C.F.R. 404.1574 (b)(ii).